FILED
2019 Dec-16 PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWEST DIVISION

| | |
|---|---|
| **CHERYL JARMON-GOODMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 3:18-cv-00591-CLS** |
| ) | |
| **SAM GARRISON,** ) | |
| **STEVE BENSON** ) | |
| ) | |
| **Defendants.** ) | |

## REPLY OF SERGEANT SAM GARRISON
## IN FURTHER SUPPORT OF
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Sam Garrison filed his motion for summary judgment in this action on October 4, 2019. (Doc. 72). Pursuant to this Court's Order of November 14, 2019, Plaintiff was required to file a response to Sgt. Garrison's motion on or before Monday, December 9, 2019. (Doc. 89 at 5). Plaintiff has failed to do so, and as such, briefing as to Sgt. Garrison's motion for summary judgment is complete.[1] Therefore, pursuant to Appendix II of the Court's Uniform Initial Order, Plaintiff has effectively

---

[1] Defendants also jointly filed a motion for sanctions against Plaintiff, based on Plaintiff's attempts to fabricate evidence and other flagrant misconduct in this case, on October 30, 2019. (Doc. 86). The Court's Order of November 14, 2019 directed Plaintiff to respond to *that* motion on or before December 9, 2019 as well. (See Doc. 89 at 5). Despite the Court's explicit instructions, Plaintiff failed to timely respond to that motion. As such, Defendants' motion for sanctions is effectively unopposed and is due to be granted. See, e.g., <u>Andre v. Gonzales</u>, 2010 WL 3585238, at *1 (S.D. Fla. Sept. 7, 2010) (noting that a "motion is deemed to be unopposed due to [the nonmoving party's] failure to respond").

admitted the material facts set forth in Sgt. Garrison's Statement of Undisputed Facts in support of his motion, and Sgt. Garrison is entitled to summary judgment as a matter of law. (See Doc. 28 at 15) ("*All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*") (emphasis in original). Moreover, as set forth below, Sgt. Garrison's entitlement to summary judgment is further supported by additional authority recently decided by the Eleventh Circuit.

In support of his motion for summary judgment, Sgt. Garrison cited authorities holding that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for ruling on a motion for summary judgment." (Doc. 73 at 18) (quoting Scott v. Harris, 550 U.S. 372, 380-81 (2007)). In particular, the Eleventh Circuit has held that the rule to that effect applies not only to *video* evidence contradicting a party's version of events, see Scott, 550 U.S. at 381, but also *audio recording[s]*, see, e.g., Taylor v. Taylor, 649 F. App'x 737, 740 n.4 (11th Cir. 2016), as well as overwhelming *documentary* and *testimonial* evidence, see, e.g., White v. Georgia, 380 F. App'x 796, 798 (11th Cir. 2010). Ultimately, Plaintiff's own "discredited" testimony, lacking the support of any "hard evidence

2

showing that [her] version of events is not wholly fanciful," cannot be used to defeat Sgt. Garrison's entitlement to summary judgment where "contradictions between [her] version of events and the rest of the record [have] become 'inescapable and unequivocal'" such that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." (Doc. 73 at 19-21) (quotations omitted).

On November 1, 2019, the Eleventh Circuit issued a decision in Hunter v. City of Leeds, 941 F.3d 1265 (11th Cir. 2019), that reaffirms this rule. In Hunter, the plaintiff brought an excessive-force claim against multiple police officers who had allegedly shot him. See Hunter, 941 F.3d at 1270-74. Although there was no dispute that one officer, Kirk, had actually fired several shots, the plaintiff testified "that he was shot '*multiple* times' from '*several* directions,'" and he sought to assign liability to several additional officers on this basis. See id. at 1281 (emphasis supplied). The officers themselves not only disputed that they were responsible for the plaintiff's injuries, but they actually testified that two of the accused officers *were not even present at the time*. See id.

The Eleventh Circuit, relying on the full Rule 56 evidentiary record, rejected the plaintiff's testimony and found that the officers were entitled to summary judgment:

> Although Hunter claims that multiple officers shot him, there is *simply no evidence in the record* to indicate that anyone other than Kirk fired his weapon that day: the only bullet casings recovered were from Kirk's service weapon. In fact, *all the evidence* in the record indicates that the only two officers present on the scene at the time of the shooting were Kirk and Jackson. Hunter has offered no evidence contradicting *the officers' statements* regarding where they were at the time of the shooting, and so there is no dispute that Reaves and Chalian *were not present on the scene* when the shooting occurred. There is therefore no evidence from which a reasonable jury could conclude that anyone other than Kirk used any kind of force at all against Hunter.

See id. at 1281-82 (emphasis supplied).

The Eleventh Circuit's decision in Hunter makes it clear that Plaintiff's "contradictory and incomplete" testimony in this case cannot overcome Sgt. Garrison's entitlement to summary judgment. Like the plaintiff's testimony concerning the officers in Hunter, Plaintiff's testimony that Sgt. Garrison was present for her arrest and used force in the course of that arrest is fully contradicted by *all other evidence in the record*, including the testimony of Sgt. Garrison himself, the testimony of every officer who was actually present for her arrest, 911 radio dispatch audio recordings, and every document (shift reports, police incident reports, and dispatch records) pertaining to that arrest. (See, e.g., Doc. 73 at 21-26). As in Hunter, Plaintiff's contradictory and discredited testimony cannot overcome the fact that "there is simply no evidence in the record" to support her version of events concerning Sgt. Garrison. See id. at 1281. As such, there is "no evidence from which

4

a reasonable jury could conclude" that Sgt. Garrison caused any injury to Plaintiff, and Sgt. Garrison remains entitled to judgment as a matter of law.

                                                s/ David J. Canupp
                                                David J. Canupp

                                                s/ J. Bradley Emmons
                                                J. Bradley Emmons

LANIER FORD SHAVER & PAYNE P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@LanierFord.com & jbe@LanierFord.com

Attorneys for Defendant Sam Garrison

CERTIFICATE OF SERVICE

      I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

      Terrell E. McCants
      Christopher L. Burrell
      Burrell & McCants, LLC
      712 32nd Street South
      Birmingham, AL 35233
      Phone: 205-202-5599
      Email:  terrell@burrellmccants.com
      Email: chris@burrellmccants.com

      Allen L Anderson
      Allison B Chandler
      F & B LAW FIRM PC
      213 Greene Street
      Huntsville, AL 35801
      256-536-0095
      Fax: 256-536-4440
      Email: anderson@fb-pc.com
      Email: court@fb-pc.com

      Cheryl Jarmon-Goodman
      501 ½ West Eason Avenue
      Muscle Shoals, AL 35661

on this the 16th day of December, 2019.

                                          s/ David J. Canupp
                                          David J. Canupp